Misc. No. 2015_____

# United States Court of Appeals

*for the*

# Federal Circuit

IN RE TELEBRANDS CORP. and BED BATH & BEYOND INC.,

*Petitioners.*

ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
IN CASE NO. 6:15-CV-00551-RWS-JDL,
JUDGE ROBERT W. SCHROEDER, III,
MAGISTRATE JUDGE JOHN D. LOVE

## PETITION FOR A WRIT OF MANDAMUS

DAVID BOIES
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, #7
New York, New York 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350
dboies@bsfllp.com

– and –

D. MICHAEL UNDERHILL
STACEY K. GRIGSBY
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131
munderhill@bsfllp.com
sgrigsby@bsfllp.com

*Attorneys for Petitioner Telebrands Corp.*

December 22, 2015

ROBERT T. MALDONADO
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
rmaldonado@cooperdunham.com

*Attorneys for Petitioners
    Telebrands Corp. and
    Bed Bath & Beyond Inc.*

### CERTIFICATE OF INTEREST FOR TELEBRANDS CORP.

Counsel for petitioner Telebrands, Corp. certifies the following:

1.  The full name of every party represented by me is: TELEBRANDS CORP.

2.  The name of the real party in interest represented by me is: TELEBRANDS CORP.

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock in the party represented by me are: NONE.

4.  The names of all law firms and partners or associates that appeared for the party represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

    **BOIES, SCHILLER & FLEXNER LLP**
    David Boies
    D. Michael Underhill
    Stacey Grigsby

    **COOPER & DUNHAM LLP**
    Robert T. Maldonado
    Elana Araj

    **LANCE LEE ATTORNEY AT LAW**
    W. Lance Lee

Dated:  December 22, 2015          */s/ D. Michael Underhill*
                                                        D. Michael Underhill

i

## <u>CERTIFICATE OF INTEREST FOR BED BATH & BEYOND INC.</u>

Counsel for petitioner Bed Bath & Beyond Inc. certifies the following:

1. The full name of every party represented by me is: BED BATH & BEYOND INC.

2. The name of the real party in interest represented by me is: BED BATH & BEYOND INC.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock in the party represented by me are: NONE.

4. The names of all law firms and partners or associates that appeared for the party represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:
   **<u>BOIES, SCHILLER & FLEXNER LLP</u>**
   David Boies
   D. Michael Underhill
   Stacey Grigsby

   **<u>COOPER & DUNHAM LLP</u>**
   Robert T. Maldonado
   Elana Araj

   **<u>LANCE LEE ATTORNEY AT LAW</u>**
   W. Lance Lee

Dated:  December 22, 2015          */s/ Robert T. Maldonado*
                                    Robert T. Maldonado

# TABLE OF CONTENTS

RELIEF SOUGHT…………………………………………………………1

ISSUES PRESENTED………………………………………………………..1

STATEMENT OF FACTS…………………………………………………....2

I.    The Parties………………………………………………………..2

II.   Zuru Initially Files A Suit Related To Bunch O Balloons In The District Of New Jersey. ………………………………………………3

III.  Displeased With The Progress In The District Of New Jersey Case, Zuru Files In The Eastern District Of Texas. …………………………………5

IV.  Zuru Attempts To Use The Decision In The Eastern District Of Texas To Influence The Course Of The District Of New Jersey Case. ……………8

SUMMARY OF ARGUMENT……………………………………………….9

ARGUMENT…………………………………………………...............10

I.    Standard Of Review……………………………………………10

II.   The R&R And The District Court's Order Misstate The Law Concerning The "First-To-File" Rule And Misapply The Rule To The Facts At Issue……………………….........................................................11

    A. The Court Below Incorrectly Focused On The Identity Of Claims Instead Of The Overlapping Issues…………………………………12

    B. The District Court Failed To Consider The Overlap Between Telebrands' Counterclaims In The District Of New Jersey Suit And The Patent Infringement Claims At Issue In The Texas Suit……….13

III.  The District Court Abused its Discretion in Denying Telebrands' Motion to Transfer……………………………………………………………19

    A. The District Court Erred By Summarily Dismissing The Private Interest Factors That Support Transfer to The District of New Jersey…………………………………………………………...20

    B. The Court Below Improperly Balanced The Public Interest Factors, Which Also Favor Transfer...…………………………………..25

CONCLUSION…………………………………………………………...28

# TABLE OF AUTHORITIES

**Cases**

*Aventis Pharm. Inc. v. Teva Pharm. USA Inc.,*
  2007 WL 2823296 (E.D. Tex. Sept. 27, 2007)......................................................12

*Cadle Co. v. Whataburger of Alice, Inc.,*
  174 F.3d 599 (5th Cir.1999) ................................................................................12

*Cheney v. United States,*
  542 U.S. 367 (2004)............................................................................................11

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)............................................................................................11

*Futurewei Techs., Inc. v. Acacia Research Corp*.,
  737 F.3d 704 (Fed. Cir. 2013) ............................................................................12

*In re Apple*, *Inc.*,
  743 F.3d 1379 (Fed. Cir. 2014) ..........................................................................20

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................. 10, 20, 24

*In re Hoffmann-La Roche, Inc.,*
  587 F.3d 1333 (Fed. Cir. 2009) .................................................................. 11, 19

*In re Nintendo Co., Ltd.,*
  589 F.3d 1194 (Fed. Cir. 2009) ..........................................................................24

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008) ............................................................. 11, 19, 24

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ..........................................................................23

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*") ..................................................19

*In re Volkswagen of America, Inc.*,
  545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*") ..................................... 10,11, 19

*Interstate Realty Co. v. Sears, Roebuck & Co.*,
  2009 WL 1286209 (D.N.J. Apr. 27, 2009)...........................................................16

*Invitrogen v. General Elec. Co.*,
  No. 08-cv-119, 2008 WL 331889 (E.D. Tex. Feb. 9, 2009) ................................20

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981).............................................................................................25

*Presley's Estate v. Russen*,
  513 F. Supp. 1339 (D.N.J. 1981).........................................................................15

*Raz Imports, Inc. v. Luminara Worldwide*, LLC,
  2015 WL 6692107 (N.D. Tex. Nov. 3, 2015) .....................................................25

*Rooster Products Int'l, Inc. v. Custom Leathercraft Mfg. Co.,Inc.*,
  2005 WL 357657 (W.D. Tex. Feb. 1, 2005) ........................................................26

*Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947 (5th Cir. 1997).............. 12, 13

*Tinnus Enterprises v. Telebrands Corp.*,
  No. 15-cv-551 (E.D. Tex.) ........................................................................*Passim*

*Wheaton Indus., Inc. v. Aalto Sci., Ltd.*,
  2013 WL 4500321 (D.N.J. Aug. 21, 2013) .........................................................26

*Zuru Ltd. v. Telebrands Corp.*,
   No. 15-cv-548 (D.N.J.) ...............................................................................*Passim*


**Statutes**

28 U.S.C. § 1404(a) ................................................................. 2, 6, 10, 18
28 U.S.C. § 636............................................................................................7

## RELIEF SOUGHT

Petitioners Telebrands Corp. ("Telebrands") and Bed Bath & Beyond Inc. ("Bed Bath & Beyond") respectfully request that the Court grant this petition for a writ of mandamus and vacate the December 2, 2015 order of the United States District Court for the Eastern District of Texas ("district court" or "Eastern District of Texas") adopting the report and recommendation ("R&R") of a magistrate judge and denying the petitioners' motion to dismiss or alternatively to transfer this case to the United States District Court for the District of New Jersey.  The petitioners further request that this Court remand with instructions to transfer this action to the District of New Jersey.

## ISSUES PRESENTED

1.     Whether the district court clearly abused its discretion by denying Telebrands' and Bed Bath & Beyond's motion to dismiss or alternatively to transfer this patent infringement action brought by respondents Tinnus Enterprises, LLC ("Tinnus") and Zuru, Ltd. ("Zuru") pursuant to the first-to-file rule, where Zuru brought suit six months earlier in the District of New Jersey against Telebrands in a case concerning the same accused product, the same predicate facts and substantially overlapping issues.

2.     If this court finds that dismissal or transfer is not warranted under the first-to-file rule, whether the district court clearly abused its discretion by failing to

transfer this patent infringement action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) as the more convenient venue.

## SUMMARY OF ARGUMENT

This is not a typical dispute concerning a transfer motion. It stems from the respondents' desire to litigate all of their intellectual property claims concerning their Bunch O Balloons product against Telebrands in the District of New Jersey, with the notable exception of their patent infringement claim, which they want to litigate in the Eastern District of Texas. Respondents should not be allowed to split up their intellectual property claims, all of which should be litigated in New Jersey, where Zuru first chose to file suit.

The R&R, which the district court adopted without performing the required *de novo* review, erred in applying the first-to-file rule. The Supreme Court holds that the first-to-file rule must be applied to avoid duplicative litigation. Under that rule, a federal district court must transfer or dismiss a case when the issues in the case substantially overlap with a previously filed action. The court below stated the rule correctly but misapplied it. The district court simplistically looked only at whether the precise legal *claims* in the two courts were the same. The district court failed to properly analyze the extent to which the *issues* in the Texas and New Jersey actions overlapped.

Independently, the district court erred in concluding that the public and private interest factors weighed against transfer of the Texas action to New Jersey under 28 U.S.C. § 1404(a).   The R&R and the district court's order ignored facts demonstrating that the respondents are trying to manipulate venue, placed insufficient weight on the convenience of the forum to the witnesses most likely to testify, and ignored the strong public interests in having this dispute resolved in New Jersey.

## STATEMENT OF FACTS

### I.     The Parties

Telebrands is a New Jersey corporation that creates, develops, markets and sells consumer products.  *Tinnus Enterprises v. Telebrands Corp.*, No. 15-cv-551 (E.D. Tex.) A59, ¶ 3.  During the summer of 2014, Telebrands undertook steps to begin manufacturing, marketing and selling its Balloon Bonanza product.  A60, ¶ 5. Balloon Bonanza allows individuals to fill as many as 120 water balloons simultaneously, making the process easier and more efficient.  *Id.*  Bed Bath & Beyond, a company headquartered in New Jersey and a customer of Telebrands, sells Balloon Bonanza in its stores.  A61, ¶¶ 17–18.

Zuru is a Chinese toy company that sells and mass produces various toys. Zuru sells a competing product, Bunch O Balloons.  A60, ¶ 6.  Zuru has a single employee in the United States, Lance James, who works out of his home in New

Jersey. A202 at 64:17-22. Joshua Malone allegedly created Bunch O Balloons and owns his own small company Tinnus Enterprises, LLC ("Tinnus"), which he operates out of his home in Plano, Texas. A183-A184, ¶¶ 3, 8. On August 19, 2014, Tinnus and Zuru entered into an intellectual property license agreement. A184, ¶ 8. Zuru obtained exclusive rights to "use on a worldwide basis any present or future patent rights owned by Tinnus relating to the Bunch O Balloons product," as well as trademark and other intellectual property rights. *Id.*; A79, ¶ 19.

## II.    Zuru Initially Files A Suit Related To Bunch O Balloons In The District Of New Jersey.

On January 27, 2015, Zuru filed a five-count complaint against Telebrands in the District of New Jersey. *Zuru Ltd. v. Telebrands Corp.*, No. 15-cv-548-CCC-MF (D.N.J.), A74-A87. Zuru alleged that Telebrands' Balloon Bonanza product infringes the licensed intellectual property rights relating to the Bunch O Balloons product. The first count alleged trade dress infringement based on Balloon Bonanza's alleged "virtually identical" appearance "to the distinctive product configuration" of Bunch O Balloons. A81, ¶ 30. The second and third counts alleged trademark infringement based on Telebrands' purported "advertising and sale of goods that are nearly identical" to Zuru's products. A82-A83, ¶¶ 35, 40. The fourth count alleged consumer fraud under New Jersey state law because of Telebrands' supposed "intellectual property misappropriation." A83, ¶ 43. The fifth

count alleged copyright infringement based upon Balloon Bonanza's "substantial[] similar[ty]" to Bunch O Balloons. A84, ¶ 48.

Shortly after bringing suit, Zuru sent letters to Telebrands' customers. A158-A159. These letters claimed that Telebrands' Balloon Bonanza product "most certainly" would infringe *Zuru's pending patents,* and that customers who purchased products from Telebrands risked liability for "aiding and abetting the theft by Telebrands of intellectual property. " *Id.* (emphasis added). Zuru stated that "[w]e believe this so sincerely that we have filed a complaint and served this upon Telebrands in the *New Jersey District court.*" *Id.* (emphasis added).

Telebrands immediately sought a temporary restraining order ("TRO") and preliminary injunction to enjoin Zuru from distributing this letter. A89-A95. The New Jersey Court granted the TRO and expedited discovery on February 18, 2015. A97-A100. In opposing Telebrands' motion for a preliminary injunction, Zuru offered the New Jersey court the declaration of Josh Malone, the owner of Tinnus, in which he testified regarding his alleged creation and development of the Bunch O Balloons product. A110-A114. Zuru later offered a nearly identical declaration of Mr. Malone to support Zuru's motion for a preliminary injunction regarding patent infringement in the Texas Action. *Compare* A39-A44 and A110-A114.

On May 14, 2015, the New Jersey court resolved Telebrands' motion for a preliminary injunction by entering a Stipulated Order On Consent ("Consent Order")

that the parties negotiated with the assistance of the district court judge. A166-A169. The Consent Order required both parties to comply with a negotiated review procedure whereby they were entitled to review certain of the other party's future communications to third parties before the communication was sent, and bring any objections to the court's attention. A167-A168, ¶ 4.

Telebrands brought counterclaims against Zuru in the New Jersey action, including tortious interference with contractual relationships and prospective economic advantage, false advertising and unfair competition. A122-A159. Among other things, Telebrands alleged that Zuru was "creating the misleading impression that its 'Bunch o Balloons' product is patented, when it is not" and "falsely claiming to have patent rights[.]"[1] A136, ¶ 77, A139, ¶ 99. Telebrands also counterclaimed for copyright and trade dress infringement based on Zuru's copying Telebrands' Balloon Bonanza infomercial, A137-A139, and sought an order to show cause why a preliminary injunction should not be issued. A116-A120. In response to the District of New Jersey's show cause order, Zuru agreed to stop airing the accused infomercial, an agreement which the court entered as an order. A186-A191 at 40:13-41:17.

---

[1] Zuru now asserts that Bunch O Balloons product practices U.S Patent No. 9,051,066 ("the '066 patent"). A26-A37. But this patent did not issue until June 9, 2015, several months after Zuru sent letters claiming patent infringement to Telebrands' customers.

Telebrands also filed a motion to dismiss, *inter alia*, Zuru's claim for trade dress infringement, on the ground that the alleged trade dress is functional, as evidenced by the utility patent application that issued as the '066 patent. A102-A108.

### III.    Displeased With Its Losses In The District Of New Jersey, Zuru Files In The Eastern District Of Texas.

On June 9, 2015, the United States Patent and Trademark Office issued the '066 Patent to Tinnus. A26-A37. Instead of amending its complaint in New Jersey or filing a new action in that court, Zuru and Tinnus sued Telebrands and a retailer, Bed Bath & Beyond, for patent infringement in the Eastern District of Texas. A14-A25.

On July 10, 2015, Telebrands moved to dismiss or alternatively to transfer the case to the District of New Jersey based on the first-to-file rule and 28 U.S.C. § 1404(a). A45-A46. The magistrate judge recommended that the district court deny the motion, based primarily on two factors. First, he stated that the New Jersey and Texas actions had no "claims in common," and that the substantially overlapping facts were "merely incidental background facts." A211. Second, after acknowledging that "there may be some factual and legal issues, which may be considered by both courts in deciding the separate legal claims," the magistrate judge nonetheless found that it would be more convenient under 28 U.S.C. § 1404(a) to

litigate the case in Texas, based primarily on the Texas residency of Josh Malone, the named inventor on the '066 Patent, and his company, Tinnus. A219.

Telebrands objected to the magistrate judge's R&R. A221-A237. First, Telebrands pointed out that the magistrate judge had applied the incorrect legal standard to the first-to-file analysis. A225-A226. Second, Telebrands objected to the magistrate judge's faulty analysis of the overlapping facts and issues in both suits, and his mischaracterization of those central facts as "merely incidental." A228-A229. Third, Telebrands explained that the magistrate judge did not properly weigh all of the relevant interests pursuant to 28 U.S.C. § 1404(a). A230-A231.

The district court overruled petitioners' objections, adopted the R&R, and denied the motion to dismiss or transfer. A238-A240. The district court incorrectly reviewed the magistrate judge's findings on the motion to dismiss under a clear error standard, instead of the legally required *de novo* standard that applies to dispositive motions. *Compare* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b) *with* A240 ("Nothing in Defendants' objections shows this conclusion to be erroneous.").

Although the district court stated that it had examined whether the magistrate judge applied the proper legal standard to the "first-to-file" analysis, the court nonetheless summarily disregarded all of the overlapping issues in the two cases

identified by Telebrands as "not substantial."  A239-A240.  The court also dismissed Telebrands' objections to the improper weighing of all the relevant competing interests under section 1404(a), but acknowledged that the magistrate judge may have "miscounted" the total number of potential witnesses located in Texas.   A240.

On the same day that the district court denied the motion to transfer, the district court also issued an opinion granting Zuru's request for a preliminary injunction to prevent Telebrands and Bed Bath & Beyond from continuing to manufacture or sell Balloon Bonanza.  A241-A244.  The court has not yet issued the related order.

### IV.    Zuru Attempts To Use The Decision In The Eastern District Of Texas To Influence The District Of New Jersey Case

Zuru repeatedly represented to the Eastern District of Texas that the issues in that court are completely unrelated to the issues in the District of New Jersey action. *See, e.g*, A170-A177 ("Defendants seek to consolidate this case with an unrelated matter pending in the District of New Jersey") and A181 ("The New Jersey case has nothing to do with this Texas action.").  At the same time, Zuru has inconsistently sought to leverage the Texas district court's rulings to its advantage in the New Jersey action.  A266-A267.

For example, nine days after the Eastern District of Texas issued its preliminary injunction decision, Zuru moved vacate the Consent Order issued by the District of New Jersey.  *Id.*  In support, Zuru argued that "in light of the issuance of

Zuru's patent and the preliminary injunction that has been entered against Telebrands, the consent order is no longer proper." *Id.* (arguing that the Eastern District of Texas' issuance of a preliminary injunction renders the District of New Jersey Consent Order moot). Zuru's alleged evidentiary support for its motion included hearing transcripts from the Eastern District of Texas and the preliminary injunction decision itself. A268-A269.

## ARGUMENT

### I.    Standard Of Review

A writ of mandamus is available in "extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re Genentech, Inc.,* 566 F.3d 1338, 1341 (Fed. Cir. 2009). A court abuses its discretion when it relies on: (1) "clearly erroneous factual findings"; (2) "erroneous conclusions of law"; or (3) "misapplies the law to the facts." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 310 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (citing *McClure v. Ashcroft,* 335 F.3d 404, 408 (5th Cir. 2003)). The party seeking the writ must show "that it has no other means of obtaining the relief desired, and that the right to issuance of the writ is 'clear and indisputable[.]'" *Id. at 311*; *see also In re Tech. USA Corp,* 551 F.3d 1315, 1318–19 (Fed. Cir. 2008). Even then, the court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States,* 542 U.S. 367, 381 (2004).

This Court has recognized that a petition for a writ of mandamus is appropriate to correct the erroneous denial of a motion to transfer if the petitioner can demonstrate a "clear and indisputable" right to relief. *See In re Hoffmann-La Roche, Inc.,* 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see also Volkswagen II*, 545 F.3d at 309–10 (holding that a writ of mandamus is "an appropriate means of testing a district court's 1404(a) ruling" when there "is a clear abuse of discretion.").

## II.     The R&R And The District Court's Order Misapply The "First-To-File" Rule.

The Supreme Court has long recognized the "general principle" that the federal judicial system should seek "to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The "first-to file" rule "exists to avoid conflicting decisions and promote judicial efficiency." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). Specifically, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999). Despite the substantially overlapping facts and issues in the Eastern District of Texas and New Jersey actions, the Texas court denied Telebrands' motion to dismiss or transfer. The district court clearly abused its discretion in refusing to transfer the second-filed Texas action to the District of New Jersey—the forum originally chosen *by Zuru* to litigate its intellectual property claims.

11

A.  <u>The Respondents' Should Not Be Permitted To Impermissibly Burden The Petitioners And The Federal Judicial System By Splitting their Intellectual Property Claims Between Two Courts.</u>

Zuru, the marketer and seller of Bunch O Balloons, claims that its product is protected by copyright, trademark, trade dress and patent.  Zuru has asserted claims against Telebrands for infringement of each of these intellectual property rights, based on Telebrands' competitive Balloon Bonanza product.  Instead of litigating all of these related intellectual property claims in the same lawsuit, however, Zuru wants to distribute its intellectual property claims between two different federal courts, one in New Jersey and one in Texas.

On January 27, 2015, Zuru filed its first action against Telebrands in the District of New Jersey, alleging copyright, trademark and trade dress infringement. In that action, Zuru asserted that Telebrands' Balloon Bonanza product is a copy or replica of Zuru's Bunch O Balloons product.  A79, ¶ 18.  The action was, and continues to be, heavily litigated.  A245-A265.  The court has already issued a TRO against Zuru.    A97-A100.  Moreover, two preliminary injunction motions filed against Zuru were resolved by consent orders.   A89-A95; A166-A169; A116-A120; A190-A191 at 40:13-41:17.

Six months after filing the New Jersey action, Zuru received a U.S. patent purportedly covering its Bunch O Balloons product.  Rather than amending its complaint in New Jersey to add a claim for patent infringement, as it would have

been *required* to do if it were a defendant,[2] Zuru chose instead to file a new action

against Telebrands and Bed, Bath & Beyond in the Eastern District of Texas.  In the

Texas action, Zuru makes the same assertion it made in the New Jersey action: that

Telebrands' Balloon Bonanza product is a copy or replica of Zuru's Bunch O

Balloons product.  A19, ¶ 40-42.

Unless prohibited by this Court, Zuru's forum shopping will force Telebrands

to defend itself simultaneously against two lawsuits, in two federal district courts

against the same parties,[3] concerning the same accused product, Balloon Bonanza.

The first-to-file rule was developed to avoid this precise situation; the district court's

determination that both cases should proceed independently in two courts is a clear

abuse of discretion.

B. <u>The Court Below Incorrectly Focused On Whether Zuru's Claims In the Two Courts Were Identical Rather Than On The Overlapping Issues.</u>

As the R&R correctly recounted, the first-to-file rule "does not require that

cases be identical. The crucial inquiry is one of 'substantial overlap' of the issues

---

[2] Rule 13(a) of the Federal Rules of Civil Procedure requires a defendant to plead all compulsory counterclaims, which are all claims arising out of the same transaction or occurrence, in response to a Complaint.

[3] When the motion to dismiss was decided, a motion to amend Telebrands' counterclaims was pending in New Jersey.  A49, at n.2; A161-A164.  The District of New Jersey granted this motion, and on December 11, 2015, Telebrands filed its Second Amended Counterclaims in the New Jersey action, which named Tinnus as a party.  A271-A299.

between the two cases." *Compare Save Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 950 (5th Cir. 1997) *with* A210.  For this reason, courts have routinely applied the first-to-file rule where the two cases at issue did not share *any* identical claims. For example, the Fifth Circuit ordered a change of venue where the first-filed case was a contract claim, and the second-filed case was an application for a temporary restraining order and a preliminary injunction based on the underlying security interest at issue in the contract claim.  *Save Power Ltd.,* 121 F.3d at 949.  Although "neither the issues nor the parties [were] identical to those in the Original Action," the Fifth Circuit held that the case should be transferred to the district presiding over the initial action because of the substantial overlap between the issues to be decided. *Id.* at 950–51; *see also Aventis Pharm. Inc. v. Teva Pharm. USA Inc.,* 2007 WL 2823296, at *2 (E.D. Tex. Sept. 27, 2007) (finding substantial overlap and ordering a change of venue where the two cases at issue dealt with two different patents involving "distinct inventions.").

In contrast, the district court below improperly focused on whether the two actions shared common *claims* and whether the resolution of a claim in one action would extinguish a claim in the other.  A210-A211 (stating that "there is not a single overlapping *claim* asserted between the cases.") (emphasis added.)  Yet, the district court dismissed the possibility that the two actions both concern overlapping patent-related facts, by noting that the petitioners had not filed a *declaratory judgment claim*

14

for patent invalidity or non-infringement in New Jersey. A212; *see also* A211 (noting that the New Jersey court will not have to consider the "question of infringement (or invalidity) of [the] '066 patent").

Because the district court focused almost exclusively on whether there were overlapping claims, the court erroneously characterized the common facts in the two actions as "merely incidental background facts." *Id.* To the contrary, it is difficult to identify facts that are not relevant to Zuru's claims in both cases. Both cases involve, among other things, the same parties, the same products, the same marketing and advertising, the same communications with customers, the same sales, the same profits, and the same license agreement. These facts are not "merely incidental background facts," but lie at the heart of the claims in both actions.[4] The district court clearly erred when it minimized the importance of these overlapping factual issues by focusing solely on whether Zuru's claims in the two cases were identical.

The following examples illustrate that the overlapping facts are not "merely incidental background facts":

- Zuru's claims in both actions necessarily include analysis of the conception, development and creation of the Bunch O Balloons product by Josh Malone, consideration of the prior art and products of others, and whether Mr. Malone copied his concept from somebody else. These facts are central to the validity of the copyright, trade dress and patent rights being asserted against

---

[4] A summary of the substantial overlap was presented to the court in the briefing as well as at the oral argument. A50-A57; A234-A237.

Telebrands in both actions. Moreover, Zuru alleges consumer fraud under New Jersey state law because of Telebrands' supposed "intellectual property misappropriation," which includes patent infringement.

- Zuru's claims in both actions require interpretation of the same license agreement purporting to grant certain rights to Zuru Ltd., as well as a determination of whether the rights granted are exclusive, and whether the agreement itself is valid. The agreement is signed by Zuru Toys, Inc., which is not a party to the agreement, thereby raising serious questions concerning the standing of Zuru Ltd. as a party. These facts are central to a determination as to whether Zuru has standing to assert any of the claims against Telebrands in both actions.

- Zuru's claims in both actions involve factual findings as to Telebrands' creation and development of its accused Balloon Bonanza product. These facts are central to a determination of Zuru's assertion that Telebrands copied the Bunch O Balloons product, which is pertinent to all of the claims against Telebrands in both actions.

- Zuru's claims in both actions will require factual findings as to the advertising and marketing of both Zuru's Bunch O Balloons product and Telebrands' Balloon Bonanza product, including a determination of the channels of trade, retail customers, market share, the number of units sold, the revenue received, the date of Zuru's first sale and/or offer for sale, and the profits received. These facts are central to a determination of damages and injury each party allegedly suffered, and these facts will be the same in both actions.[5]

---

[5] Even if the respondents hypothetically were to prevail, they cannot recover allegedly lost profits in both the New Jersey and Texas actions for the same sales. *See Aero Products Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1019 (Fed. Cir. 2006) (vacating damages award for both patent and trademark infringement because the plaintiff "was fully compensated for defendants' patent infringement when it was awarded a reasonable royalty for patent infringement" and it "could not also be awarded defendants' profits for trademark infringement based on the same sales of the same accused devices").

16

Indeed, Zuru's attempt to split its intellectual property claims has already had significant adverse consequences for Telebrands. For example, Telebrands deposed the named inventor of the '066 patent, Joshua Malone, in the New Jersey action. A58. Then, during the hearing on Telebrands' motion to dismiss in Texas, Mr. Malone testified in person. On cross examination, Telebrands' counsel sought to refer to his previous testimony in the New Jersey action concerning his patent. Zuru's counsel objected that the New Jersey deposition testimony was off limits because it was marked confidential pursuant to a protective order in the New Jersey action, and thus could only be used in that action. A198-A200 at 33:8-25. The objection was sustained, and the prior testimony was not allowed. A201 at 34:4-20. Similarly, the Texas court excluded prior testimony in New Jersey related to the respondents' price erosion theory because it also was subject to the New Jersey Protective Order. A203 at 97:1-18.

In short, the Texas court's ruling on Telebrands' motion to dismiss or transfer squarely contravenes the first-to-file rule. If not reversed by this Court, two federal courts (and potentially, two juries) will be tasked with analyzing the same important facts, resulting in gross inefficiencies, severe prejudice to Telebrands, and a high risk of inconsistent factual findings.

C. <u>The District Court Failed To Consider The Overlap Between Telebrands'</u>
<u>Counterclaims In New Jersey And Zuru's Patent Infringement Claims In</u>
<u>Texas.</u>

The R&R also failed to consider—*or even mention*—the nature of
Telebrands' counterclaims in the District of New Jersey, which will necessarily
require that court to assess Zuru's patent infringement allegations against
Telebrands.  Telebrands' counterclaims are based in part on the fact that, at the time
Zuru first claimed patent infringement, Zuru did "not own a United States patent on
the Bunch O Balloons product."    A128, ¶ 20.    The district court incorrectly
concluded that "the only involvement with the '066 Patent in the New Jersey action
has been some discovery related to the prosecution of the '066 Patent and a
deposition of the named inventor." A211.  An examination of Telebrands' Answer
and First Amended Counterclaims in the New Jersey action demonstrates that this is
not the case.  A122-A159.

Telebrands' counterclaims relate in part to improper and defamatory letters
Zuru sent to Telebrands' customers in February 2015.  A128, ¶ 21.  Among other
things, Zuru warns Telebrands' customers that "Zuru has pending patents which will
be granted within an anticipated 4 months which we believe Balloon Bonanza to
most certainly be in breach of,"  A157-A159, and that the customers may be liable
"for aiding and abetting the theft by Telebrands of intellectual property." *Id.*  Yet the
Texas court concluded that the validity and infringement of the patent at issue in this

case was not a significant issue in the New Jersey case.  This is incorrect.  To determine the deceptiveness of Zuru's statements, the New Jersey court necessarily will have to consider the basis for Zuru's belief that its soon-to-be-issued patent was valid and infringed by Telebrands.[6]

Moreover, Telebrands' two tortious interference actions under New Jersey law require proof "that the defendant's actions are not justified or are malicious." *Interstate Realty Co. v. Sears, Roebuck & Co.,* 2009 WL 1286209, at *8–*10 (D.N.J. Apr. 27, 2009).  To prove malice, Telebrands must show that Zuru intentionally inflicted harm "without justification or excuse." *Id.*  This showing will require antecedent findings on the validity of Zuru's patent and Telebrands' potential infringement.  In particular, to properly adjudicate these tortious interference claims and to decide whether Zuru acted with malice, the New Jersey court must consider: (1) the validity of Zuru's patent that covers Bunch O Balloons; (2) if the patent is valid, whether there is infringement; and (3) if Balloon Bonanza does not infringe a valid patent, whether Zuru's statements in the letters to Telebrands' customers were intended to inflict harm.

---

[6]  The district court's observation that the petitioners have not raised inventorship and standing in this action is clearly incorrect.  Petitioners argued both issues in their motion to transfer.  *See, e.g.,* A192-A194.  Additionally, the petitioners have not yet answered the complaint in the Texas action nor asserted any defenses.

Indeed, Zuru's recent filings in the District of New Jersey, which explicitly rely on the preliminary injunction issued by the Texas court, flatly contradict Zuru's previous arguments that the issues in the New Jersey case allegedly "do not overlap with the questions raised by [the] patent claim" in the Eastern District of Texas. A181. Both the magistrate judge and the trial court credited Zuru's argument. A211; *see also* A239 (trial judge holding that there was not "a substantial overlap between [the Texas] action and the action in New Jersey.").

But after defeating Telebrands' transfer motion, Zuru's subsequent actions revealed that its prior arguments were made for the purpose of expedience. Zuru moved to vacate the Consent Order in the District of New Jersey, arguing that because "an Article III court [i.e., the Texas court] has entered a preliminary injunction for patent infringement against Telebrands . . . the consent order [is] no longer proper." A270. Zuru's argument reveals that it really was well aware of the substantial overlap between the two cases.

Absent transfer of the Eastern District of Texas action to New Jersey, two different courts will indeed have to rule on the same core issue—the validity and infringement of Zuru's Bunch O Balloons' patent. A157-A159. There is a high risk that the courts could reach differing determinations. The district court's failure to consider or analyze Telebrands' counterclaims is clear error and an abuse of discretion.

### III.    The District Court Abused its Discretion in Denying Telebrands' Motion to Transfer.

Section 1404(a) permits a court to transfer any civil action to another district "where it might have been brought," "[f]or the convenience of parties," and if such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Analysis of the relevant factors set forth in section 1404(a)—whether to transfer this action for the convenience of the parties or in the interests of justice—reveals that the district court misapplied settled law to the facts of this case and ignored critical facts that weigh decidedly in favor of transfer.

Although the statutory language in section 1404(a) allows a court to exercise discretion in determining whether to transfer an action, established precedent holds that "a motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff." *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *Volkswagen II,* 545 F.3d at 315); *see also In re Nintendo Co. ,Ltd.,* 589 F.3d 1194, 1197–8 (Fed. Cir. 2009). Granting a motion to transfer in such cases is consistent with the underlying purpose of the statute, which is to "prevent plaintiffs from abusing their privilege under §1391 by subjecting defendants to venues that are inconvenient under the terms of §1404(a)." *Volkswagen II,* 545 F.3d at 313. Stated differently, section 1404(a) prohibits "attempts to manipulate venue in anticipation of litigation." *Hoffmann-La Roche*, 587 F.3d at 1337.

21

A. <u>The District Court Erred By Summarily Dismissing The Private Interest Factors That Support Transfer to The District of New Jersey</u>.

Although the R&R correctly recited the private factors,[7] the district court erroneously concluded that these factors weigh against transfer. *First*, the district court failed to accord sufficient weight to the fact that the main sources of proof, petitioner Telebrands' documents, are located in New Jersey. The alleged infringer's documents describing the design and operation of the product usually constitute the bulk of the relevant evidence. *See Genentech*, 566 F.3d at 1345. Because the alleged infringer's documents play such a significant role in any patent infringement action, this Court has held that "the place where the [infringer's] documents are kept weighs in favor of transfer to that location." *Id.* (citing *Neil Brothers Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y. 2012)).

Telebrands submitted a declaration confirming that all of Telebrands' documents relevant to this litigation are stored in New Jersey and that co-petitioner Bed Bath & Beyond is headquartered in New Jersey, but the district court dismissed this sworn statement for alleged lack of specificity. *See* A215. In dismissing the statements, however, the district court imported additional requirements into section

---

[7] In considering a motion to transfer pursuant to section 1404(a), a court should consider: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

1404(a) that do not exist.  In both cases cited by the R&R, the court refused to transfer an action because the alleged infringer could not specify *where* its documents were located.  *See Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, 2013 WL 682849 (E.D. Tex. Feb. 22, 2013); *Invitrogen v. General Elec. Co.*, No. 08-cv-119, 2008 WL 331891 (E.D. Tex. Feb. 9, 2009).  That is not the case here. The petitioners' declaration stated that *all* of Telebrands' relevant documents are in New Jersey, thereby providing ample basis to conclude that the design, development, manufacturing, financial and sales documents associated with the Balloon Bonanza product are in New Jersey.  A57.  The case law is clear that the location of these key sources of proof is entitled to significant weight.[8]

*Second*, when analyzing the availability of compulsory process for non-party witnesses and the cost of attendance for willing witnesses, the R&R over counted the number of potential witnesses in Texas, and undercounted the number of

---

[8] The fact that Tinnus may have some relevant documents in Texas is entitled to very little weight. Although technically a party, Tinnus is not a *necessary* party because it conveyed "all substantial rights" in relation to the Bunch O Balloons patent to Zuru.  *See Propat Int'l Corp. v. Rpost, Inc.,* 473 F.3d 1187, 1189 (Fed. Cir. 2007) ("Even if the patentee does not transfer formal legal title, the patentee may effect a transfer of ownership for standing purposes if it conveys all substantial rights in the patent to the transferee.  In that event, the transferee is treated as the patentee and has standing to sue in its own name."); *see also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.,* 248 F.3d 1333, 1345 (Fed. Cir. 2001) ("A grant of all substantial rights in a patent amounts to an assignment—that is, a transfer of title in the patent—which confers constitutional standing on the assignee to sue another for patent infringement in its own name.").

potential witnesses in New Jersey.  Although the respondents identified only *five* third-party witnesses who reside within the entire state of Texas (including witnesses outside the district), the R&R incorrectly states that the respondents identified *eleven* Texas witnesses.  In particular, the R&R states: "[the respondents] contend *there are at least seven potential witnesses* located in Texas, though it is unclear from the record which, if any, of those witnesses are willing, other than the inventor of the patent-in-suit, Josh Malone, who is the President and sole owner of Tinnus. . . . As discussed above, [respondents] have also identified *four additional witnesses* located in Texas for whom the cost of attendance of trial would be lessened by conducting trial in Texas as opposed to New Jersey."  A217 (emphasis added).

In reality, the respondents claimed only that the following *five* non-party potential witnesses live in Texas: (1) Josh Malone, the inventor of Bunch O Balloons; (2) his wife, Alison Malone; (3) Manjula Variyam, a patent prosecution attorney who assisted in securing the '066 patent; (4) Brett Mangum, a second patent prosecution attorney; and (5) Kendall Harter, who submitted a declaration as part of Telebrands' Post Grant Review filing with the U.S. Patent and Trade Office.  *See* A170-A180.  And with respect to the last of the five witnesses, the respondents conceded that they "do not believe Mr. Harter's opinions are relevant."

Compounding this error, the R&R placed very little weight on the presence in New Jersey of many witnesses, on both sides of this dispute.  For example, Lance

James is respondent Zuru's Vice President of North American Sales and only U.S. employee; he works out of New Jersey.  *See* A202 at 64:17-22.  In addition, Telebrands has its principal and sole place of business in New Jersey.  Its highest-ranking employees, A.J. Khubani, Telebrands' President, and Bala Iyer, Telebrands' Executive Vice President, both work and reside in New Jersey.  A60, ¶ 9.  It is undisputed that the testimony of these witnesses will be critical in both cases.  The magistrate judge's inaccurate counting of the Texas witnesses resulted in the court reaching the incorrect conclusion that the private factors weighed against transfer, when in fact these factors weigh heavily in favor of transfer.

*Third*, as demonstrated above, the court below failed to appreciate the substantial overlap between this action and the ongoing suit in New Jersey.  As a consequence, the R&R also determined that the interest in judicial economy was a neutral factor regarding transfer. This is incorrect.  Although this Court has eschewed bright-line rules as to how courts must weigh considerations related to the interests of justice, "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd*., 628 F.3d 1342, 1346 (Fed. Cir. 2010).  The R&R improperly avoids analyzing the judicial economy factor, based on its erroneous statement that the "overlap between these actions [in New Jersey and in Texas] will not be substantial." *See* A218.  In fact, the District of New Jersey is already familiar with

many of the parties' disputes, as it has presided over Zuru's original suit for nearly a year.  In the New Jersey action, the court will need to interpret the *same* license agreement concerning the *same* product, and determine the validity of the *same* '066 patent.[9]  Judicial economy will be advanced by transferring the Eastern District of Texas action to New Jersey.

B.  The Court Below Improperly Balanced The Public Interest Factors, Which Also Favor Transfer.

Courts must also analyze the factors that bear upon whether transfer is in the public interest.  *See, e.g., TS Tech*, 551 F.3d at 1319; *In re Genentech*, 566 F.3d at 1342–43; *In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009).  With respect to the localized interest factor, the magistrate judge and the district court's decisions conspicuously ignored the facts that were discussed above in conjunction with the first-to-file analysis.  These same facts demonstrate that the District of New Jersey, rather than the Eastern District of Texas, has the stronger interest in deciding this dispute.

The Supreme Court has held that there is a strong "local interest in having localized controversies decided at home[.]" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)(citation omitted).  Here, *both* petitioners have strong New Jersey

---

[9] In addition, the witnesses in both actions will be the same and, if the Texas action is not transferred, these witnesses will have to be deposed twice on the same factual issues, thereby creating severe inefficiencies and inconvenience to the witnesses and the parties.

ties.  Petitioner Telebrands, the primary defendant below, is a New Jersey-based corporation.  A47.  Petitioner Bed Bath & Beyond also has its headquarters in New Jersey.  A48.  Moreover, Zuru's only employee in the United States is its Vice President of North American sales whose office is also located in New Jersey.  A196. The district court's assertion in the R&R that "the mere location of [the petitioners] in New Jersey" does not establish a strong local interest is contrary to law.  A219. Courts have long recognized that there is a particularly "substantial interest in vindicating the rights of a corporation" based in a particular area.  *Raz Imports, Inc. v. Luminara Worldwide*, LLC, 2015 WL 6692107, at *7 (N.D. Tex. Nov. 3, 2015)(citation omitted).

Even more important, the district court clearly erred by failing to consider the first-filed case in New Jersey under the local interest analysis.  An existing New Jersey case between the same parties over alleged infringement of intellectual property rights by sales of the same accused product gives rise to a very strong local interest in having this case heard in New Jersey. Yet the district court did not even address this consideration.  In this regard, even if one were to incorrectly assume for the sake of argument that the overlapping issues between the two cases do not mandate a transfer under the first-to-file rule, it does not follow that they are irrelevant to the section 1404(a) analysis.  *See Rooster Products Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.,* 2005 WL 357657, at *3 n.2 (W.D. Tex. Feb. 1, 2005)

(considering the existence of another action in a different jurisdiction "insofar as it relate[d] to the 1404(a) factors" even though the court did not transfer the case under the first-to-file rule.).   The existence of the New Jersey case should be given substantial weight when evaluating the local interest New Jersey has in trying this case.  *See, e.g., Wheaton Indus., Inc. v. Aalto Sci., Ltd.,* 2013 WL 4500321, at *4 (D.N.J. Aug. 21, 2013) (placing weight on the fact that "two other actions involving the same factual background" were proceeding in another jurisdiction when deciding whether to transfer under section 1404(a)).

In sum, the district clearly erred and abused its discretion when it decided not to transfer this case to the District of New Jersey.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court issue a writ of mandamus vacating the December 2, 2015 order, and remanding with instructions to transfer this case to the United States District Court for the District of New Jersey.

Respectfully submitted,

*/s/ Robert T. Maldonado*

| | |
|---|---|
| Robert T. Maldonado | David Boies |
| **COOPER & DUNHAM LLP** | **BOIES, SCHILLER & FLEXNER LLP** |
| 30 Rockefeller Plaza | 575 Lexington Ave #7 |
| New York, NY 10112 | New York, NY 10022 |
| Telephone: (212) 278-0506 | Telephone: (212) 446-2300 |
| Facsimile: (212) 391-0525 | Facsimile: (212) 446-2350 |
| rmaldonado@cooperdunham.com | dboies@bsfllp.com |
| earaj@copperdunham.com | |

*Attorneys for Petitioners Telebrands*
*Corp. and Bed Bath & Beyond*

D. Michael Underhill
Stacey K. Grigsby
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
munderhill@bsfllp.com
sgrigsby@bsfllp.com

*Attorneys for Petitioner Telebrands Corp.*

# CERTIFICATE OF SERVICE

United States Court of Appeals
for the Federal Circuit

No. _____

-----------------------------------------------------------------)

IN RE TELEBRANDS CORP. and BED BATH & BEYOND INC.,

*Petitioners*

-----------------------------------------------------------------)

I, Kersuze Morancy, being duly sworn according to law and being over the age of 18, upon my oath depose and say that: Counsel Press was retained by Cooper & Dunham LLP, Attorneys for Petitioners to print this document. I am an employee of Counsel Press.

On the 22nd Day of December, 2015, I served the within Petition for Writ of Mandamus upon:

Eric Hugh Findlay
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
(903) 534-1100

Cortland Christopher Putbrese
Dunlap Bennett and Ludwig PLLC - Richmond
2307 East Broad Street
Suite 301
Richmond, VA 23223
(804) 977-2688

Judge Robert W. Schroeder, III
U.S District Court
Eastern District of Texas
500 North State Line Ave
Third Floor
Texarkana, Texas 75501
(903) 794-1224

Magistrate Judge John D. Love
U.S District Court
Eastern District of Texas
500 North State Line Ave
Third Floor
Texarkana, Texas 75501
(903) 794-1224

**via Federal Express**, by causing 2 true copies of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of FedEx.

Unless otherwise noted, 5 copies have been sent to the Court, via **Federal Express** on the same date as above.


December 22, 2015

<u>s/Kersuze Morancy</u>